# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 162 | **DATE** | 5/9/2001 |
| **CASE TITLE** | Phillip Purkett vs. Key Bank USA, N.A., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 23 May 01 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: TWAS's Motion to Dismiss is granted in part and denied in part. TWAS's Motion to Dismiss the claim pursuant to Section 1692f is denied. To the extent Purkett attempted to state a cause of action pursuant to Section 1692g in Count I, TWAS's Motion to Dismiss is granted without prejudice, and TWAS's Motion to Dismiss Counts III and IV is also granted without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 10 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| | Mail AO 450 form. | | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D

MAY - 9 2001

Judge Harry D. Leinenweber
U. S. District Court

PHILLIP PURKETT,

    Plaintiff,

v.

KEY BANK USA, N.A., TWAS
RECOVERY INC., (a/k/a 10th
Ward Auto Sales, Inc.) and
DAVID BRUCE AUTO CENTER,

    Defendants.

Case No. 01 C 162

Judge Harry D. Leinenweber



## MEMORANDUM OPINION AND ORDER

Plaintiff Phillip Purkett has filed a four-count complaint against Key Bank USA ("Key Bank"), TWAS Recovery, Inc. ("TWAS"), and David Bruce Auto Center. Purkett alleges that his car was wrongfully repossessed in violation of the Fair Debt Collection Practices Act (the "FDCPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act (the "CFA"), 815 ILCS 505 *et seq.*, and the Uniform Commercial Code as adopted in Illinois, 810 ILCS 5/9-503. Before the court is TWAS's motion to dismiss Counts I, II, and IV for failure to state a claim upon which relief can be granted pursuant Federal Rule of Civil Procedure 12(b)(6).

### FACTUAL BACKGROUND

Purkett alleges that on November 8, 1995 he entered into an agreement with David Bruce Auto to finance and purchase a car. Purkett contends that he agreed to finance the car based on a

representation that after one year of payments he could refinance the car at a better interest rate. In March 1998, Key Bank acquired Purkett's loan. In July 1998, Purkett attempted to refinance his loan and was told that he could not. Purkett later fell behind in his loan payments, and over the next several months he and his wife spoke to several different representatives at Key Bank about making a special arrangement to make his payments. On March 31, 2000, Purkett received a letter from Key Bank stating that his account was current but that he owed $213.00 in other charges. Purkett's wife attempted, but was unable, to obtain information on the other charges.

On April 18, 2000, Purkett parked his car in the garage and locked the garage. Later that night TWAS broke into the garage and repossessed the car without notice to Purkett. To get the car back, Purkett paid a $140.00 storage fee and signed a document stating that he would not hold TWAS liable for any damages. Purkett subsequently filed this complaint, and three of the four counts in the complaint are against TWAS. In Count I, Purkett alleges that TWAS is a "debt collector" as defined in the FDCPA and that TWAS's unlawful trespass, storage fee, and taking the car when it had no right to possess the car were unfair means to collect a debt in violation of the FDCPA. In Count III, Purkett alleges that TWAS's repossession deprived Purkett of his right to lawful possession of the car in violation of Section 9-503 of the UCC. In

Count IV, Purkett alleges that the repossession of his car and the acts taken in that process constitutes a violation of the Illinois Consumer Fraud Act.

## DISCUSSION

For the purpose of a motion to dismiss, the court accepts all well-pled allegations in the complaint as true and draws any reasonable inferences in favor of the plaintiff. *See Travel All Over the World v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir. 1996). A complaint need not allege all of the facts essential to recovery under the plaintiff's legal theory, and a complaint may not be dismissed unless it is impossible for the plaintiff to prevail "under any set of facts that could be proved consistent with the allegations." *Albiero v. City of Kankakee,* 122 F.3d 417, 419 (7th Cir. 1997).

TWAS moves to dismiss Count I of the complaint because it is not a "debt collector" under the FDCPA and thus not liable for any violations of the FDCPA. TWAS argues that it was merely hired by Key Bank to repossess the car and that at all times Key Bank retained its security interest in Purkett's car.

Purkett argues that he has properly alleged two different ways that TWAS has violated the FDCPA: (1) by taking nonjudicial action to repossess his car when there was no present right to possession of the property claimed as collateral because the repossession could not be effected without breaching the peace, and (2) by

acting as a debt collector in collecting an unlawful storage fee without complying with the requirements of the FDCPA.

The FDCPA defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Repossession companies are ordinarily beyond the scope of the FDCPA. There is an exception to this general rule, however, which states that "[f]or the purpose of Section 1692f(6) . . . such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." *Id.* Section 1692f(6) lists the "unfair practices" and states that the "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A). Thus, the issue is whether TWAS, acting on instructions from Key Bank, had a present right to the car. Courts look to Article 9 of the UCC to determine this issue. *See, e.g., Clark v. Auto Recovery Bureau Conn., Inc.*, 889 F. Supp. 543, 546 (D. Conn. 1994). Section 9-503 of the UCC, the self-help repossession statute, extends a conditional self-help

privilege to secured parties if it can be done without a breach of the peace. 810 ILCS 5/9-503. Thus, in order to state a claim, Purkett must allege that TWAS was enforcing a security interest and did not have a present right to possess the collateral, which in this case means that Purkett must allege that TWAS breached the peace when it repossessed his car.

In Illinois, a breach of the peace is defined as "conduct that invites or is likely to invite immediate public turbulence, or that leads to or is likely to lead to an immediate loss of public order and tranquility." *Valentino v. Glendale Nissan, Inc.*, 317 Ill. App. 3d 524, 532, 740 N.E.2d 538, 543 (2nd Dist. 2000)(objecting to repossession in a letter is not a breach of the peace). In *Chrysler Credit Corporation v. Koontz*, 277 Ill. App. 3d 1078, 1082 (5th Dist. 1996), the court looked at whether an oral protest and the commission of a criminal trespass constituted breach of the peace. The court explained that the likelihood of a breach of the peace "increases in proportion to the debtor's efforts to prevent unauthorized intrusion and the repossessor's efforts in defiance of those efforts." In *Chrysler*, where the debtor verbally opposed repossession and the creditor simply entered the debtor's property and took the car from the front lawn, the court found that conduct, without any evidence that the creditor entered through any barricade or broke or destroyed any barriers designed to exclude trespassers, was not a breach of the peace. Here, Purkett alleges

more than simply a trespass. He alleges that TWAS trespassed on his property and broke into his locked garage. Purkett's allegation that TWAS broke through a locked door to repossess the car is sufficient to allege that a breach of peace occurred. Therefore, Purkett has stated a claim under § 1692f(6), and TWAS's motion to dismiss is denied.

Next, Purkett argues that TWAS was acting as a debt collector when it collected the unlawful $140.00 storage fee. Acknowledging the limitations of a repossessor's liability under § 1692f(6), Purkett argues that TWAS was not acting solely as a repossessor but also as a debt collector for Key Bank. In Purkett's complaint, he alleged that TWAS is a debt collector and that TWAS "demanded an unlawful $140 'storage fee' before it would return possession of the vehicle" to him in violation § 1692f. Complaint, at ¶¶ 42, 45, 46. In his response, Purkett adds many new allegations and argues that TWAS acted as a debt collector and violated the FDCPA when it collected the storage fee without complying with the requirements of §§ 1692f(1) and 1692g. Purkett argues that according to the loan contract only Key Bank had a right to charge him a storage fee, and thus any storage fee collected by TWAS was on behalf of Key Bank. Thus, Purkett argues that TWAS was acting as Key Bank's agent when it collected the storage fee for Key Bank.

A plaintiff need not allege all of the facts required under a chosen legal theory, and a plaintiff may supplement the allegations

in his complaint with consistent additional facts in response to a motion to dismiss. *Albiero v. City of Kankakee,* 122 F.3d 417, *419 (7th Cir. 1997); *Early v. Bankers Life & Casualty Co.,* 959 F.2d 75, 79 (7th Cir.1992). Therefore, the court will consider the consistent additional facts in Purkett's response.

Section 1692f(1) prohibits the collection of any amount including any fees or charges incidental to the principal obligation "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Here, Purkett has alleged that TWAS regularly collects debt owed to others, and it collected a storage fee for Key Bank that was not authorized by the agreement creating the debt. This case is distinguishable from *Nadalin v. Automobile Recovery Bureau, Inc.,* 169 F.3d 1084 (7th Cir. 1999), where the Seventh Circuit held that a repossession agency that charged its own fee for storing the debtor's personal property that was in the repossessed car was not enforcing a debt owed to its principal. The issue in that case was whether the repossessor was enforcing a debt owed to the principal when it charged a storage fee pursuant to § 1692f(6), not whether the repossessor regularly collected debts and was collecting a debt owed to the principal. This case is also distinguishable from *Jordan v. Kent Recovery Services, Inc.,* 731 F. Supp. 652, 660 (D. Del. 1990), where the court found that the plaintiff's allegation that the defendant once did "odds and ends collection work" was not

sufficient to allege that the defendant "regularly collect[s] debts for others."

Here, Purkett has alleged that TWAS regularly collects debt for others and in this case was collecting a storage fee that was owed to Key Bank. As the court may not dismiss the complaint unless it would be impossible for Purkett to prevail under any set of facts that could be proven consistent with his allegations, see *Albiero,* 122 F.3d at 419, Purkett's allegations are sufficient. At this early stage of the proceedings, Purkett has stated a claim.

Purkett also argues that he has stated a claim against TWAS under § 1692g because TWAS failed to give the required notice of the debt within five days of the initial communication with him. Here, Purkett did not merely allege additional facts in his response, but instead he has made a completely different and somewhat illogical claim. Such statements and arguments are not sufficient to defeat a motion to dismiss for failure to state a claim. *Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). The complaint must include either direct or inferential allegations concerning all material elements required for recovery. *See Glatt v. Chicago Park Dist.*, 847 F. Supp. 101, 103 (N.D. Ill. 1994). Therefore, to the extent that Purkett attempts to state a cause of action under § 1692g, it is dismissed.

Next, TWAS moves to dismiss Count III arguing that UCC § 9-503 and 810 ILCS 5/9-503 only apply to secured parties and Purkett does

not allege that TWAS was a secured party covered by either section. In response, Purkett cites several cases and argues that a repossession company acting on behalf of a secured party is governed by the standards of conduct set forth in § 9-503. The cases that Purkett cites, however, fail to support its arguments. Instead, those cases hold that the bank's duty to repossess the debtor's car is a nondelegable duty, and therefore the bank could be held liable for damages caused by the repossessor. *See, e.g., Ivy v. General Motors Acceptance Corp.*, 612 So.2d 1108, 1111 (Miss. 1992); *Nichols v. Metropolitan Bank*, 435 N.W.2d 637, 640-41 (Minn. Ct. App. 1989). The cases do not hold, however, that the debtor has a cause of action against the repossessor. *Id.* As Purkett concedes in his response that TWAS is not a secured party, § 9-503 and the enforcement provision in § 9-507 do not apply. Therefore, TWAS motion to dismiss Count III is granted.

Last, TWAS moves to dismiss Count IV of the complaint arguing that Purkett has failed to plead properly a cause of action for fraud pursuant to FED. R. CIV. P. 9(b), and in any event, he failed to state a claim under the Illinois Consumer Fraud Act. In response, Purkett argues that Rule 9(b) does not apply where the gravamen of the complaint is not specific misrepresentations but rather that the defendant's conduct constitutes unfair or deceptive practices.

Claims under the Consumer Fraud Act are subject to the heightened pleading standard under Rule 9(b). *See Gallagher Corp. v. Massachusetts Mut. Life Ins. Co.*, 940 F. Supp. 176, 180 (N.D. Ill. 1996). Compliance with Rule 9(b) requires the allegation of the who, the what, the where, and the when of the alleged fraud or misrepresentation. *See Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 730 (7th Cir. 1998). Here, Purkett alleges only general legal conclusions that fail to comply with Rule 9(b).

In any event, Purkett fails to state a claim under the ICFA. To state a cause of action under the ICFA, Purkett must allege (1) that TWAS engaged in a deceptive act or practice; (2) that TWAS intended Purkett to rely on the deception; and (3) that the deception occurred in the course of conduct involving trade or commerce. *Martin v. Heinold Commodities, Inc.*, 643 N.E.2d 734, 754 (Ill. 1994). Purkett merely states that the "repossession of [his] car and acts made in the process of attempting to repossess [his] car constitute a violation" of the ICFA and that the "wrongful repossession was an unfair and deceptive act." Complaint, at ¶¶ 66, 69. In *Zinser v. Uptown Federal Savings and Loan*, 185 Ill. App. 3d 979, 982-83 (1st Dist. 1989), the court held that repossession and retention of plaintiff's truck without notice was not an unfair act or practice under the Illinois CFA. Here, the court does not see how Purkett's allegation of wrongful repossession constitutes a deceptive act and Purkett does not

allege that TWAS intended him to rely on any deception. TWAS's motion to dismiss Count IV is granted.

### CONCLUSION

For the foregoing reasons, TWAS's Motion to Dismiss is granted in part and denied in part. TWAS's Motion to Dismiss the claim pursuant to §§ 1692f is denied. To the extent Purkett attempted to state a cause of action pursuant to § 1692g in Count I, TWAS's Motion to Dismiss is granted without prejudice, and TWAS's Motion to Dismiss Counts III and IV is also granted without prejudice.
**IT IS SO ORDERED.**

                                                             _____
                                                             Harry D. Leinenweber, Judge
                                                             United States District Court

Dated: May 9, 2001